JOSEPH MAHER *et al.*

*v.*

JOHN McCONAGA.

1. HOMESTEAD—*abandonment.* The owner of a homestead, and occupying the same as such, and located a Zenia, in Clay county, Illinois, on the 25th of

April, 1863, removed with his family to Nebraska; on the 23d of July, 1864, he returned to Salem, Illinois, where he has since resided.  In the meantime, on the 16th of October, 1863, an execution was issued on a judgment obtained against the owner, and directed to the sheriff of Clay County, who levied the same upon the premises at Zenia, so claimed as a homestead, and on the 15th of December, 1863, sold the same under the execution: *Held,* this was an abandonment of the homestead, and it thereby became liable to levy and sale under execution.

WRIT OF ERROR to the Circuit Court of Clay County; the Hon. AARON SHAW, Judge, presiding.

This was a bill in chancery, to set aside a sale of real estate claimed as a homestead.  The complainant resides in Marion county, and the premises in dispute are situated in Clay county.  On the 15th of December, 1863, and for a long time prior thereto, McConaga was the owner of two lots in the town of Zenia, and was at that time, and now is, the head of a family.  Prior to that date he occupied the premises as a homestead, which it was claimed were not worth more than $1,000.  On the 12th of November, 1859, one Maher obtained a judgment against McConaga for $100, and on the 31st of August, 1860, an execution was issued on the judgment, and was put into the hands of the sheriff of Clay county, who lost the same while in his hands.  A second execution issued on the 16th of October, 1863, directed to the then sheriff of the county, who sold the premises under his levy, on the 15th of December, 1863.  The sheriff's return shows that the lots were sold separately—one for $10 and the other for $40.

February 8th, 1861, McConaga moved with his family to Salem, Illinois; but before he went, he rented the homestead to one Stites.  He lived with his family at Salem until November 5th, 1862, when they returned to the occupancy of the homestead at Zenia, where the family remained until April 25th, 1863, when they again removed to Nebraska, where

50—47TH ILL.

they resided up to July 23d, 1864, at which time they again removed to Salem, where they have since resided. On the hearing, the court below entered a decree in favor of the complainant, and the defendant now brings the cause to this court, and the question arising is, was this such an abandonment of the homestead as to make the premises liable to levy and sale under execution for the owner's debts.

Mr. SILAS L. BRYAN, for the plaintiff in error.

Messrs. SCHAFFER & SMITH, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

There is so slight a difference between this case and that of *Cabeen* v. *Mulligan,* 37 Ill. 230, as not to be distinguished therefrom.

In that case, it was held that a debtor removing with his family to another State, and remaining there two years, must be regarded as having abandoned his homestead, without reference to what he may have said before or after his return; and by thus leaving and ceasing to occupy the homestead, it became liable to sale under execution.

In this case, the removal to Nebraska and absence there was about fifteen months, after which the family never returned to Zenia to live, but resided at Salem, in another county. The proof is clear on this point.

The fact that the two lots were sold together is not proved, nor is it insisted upon in this court.

The case of *Moore* v. *Titman,* 43 Ill. 169, gives the same effect to a removal from the homestead.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*